BRIAN M. BOYNTON, Principal Deputy Assistant Attorney General
ARUN G. RAO, Deputy Assistant Attorney General
AMANDA N. LISKAMM, Director
LISA K. HSIAO, Senior Deputy Director
ZACHARY A. DIETERT, Assistant Director
MARY M. ENGLEHART, Trial Attorney (Maryland Bar 0712110232)
United States Department of Justice
Civil Division, Consumer Protection Branch
450 5th Street, NW, Suite 6400-S
Washington, D.C. 20530
Telephone: (202) 307-0088
megan.englehart@usdoj.gov

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
DAVID M. DEVITO (CABN 243695)
Assistant United States Attorneys
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone: (415) 436-7332
Facsimile: (415) 436-6748
Email: david.devito@usdoj.gov

Attorneys for Plaintiff United States of America

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**WILLIAMS-SONOMA, INC.**, a corporation, d/b/a Williams Sonoma, Williams Sonoma Home, Pottery Barn, Pottery Barn Kids, Pottery Barn Teen, PBTeen, West Elm, Rejuvenation, Outward, and Mark & Graham,<br><br>Defendant. | **Case No. 3:24-cv-2396**<br><br>**COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF** |

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

1

Plaintiff, the United States of America, acting upon notification and referral from the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges:

1. Plaintiff brings this action to address Defendant's violations of an order previously issued by the Commission. *See* Exhibit A, *In re Williams-Sonoma, Inc.* (FTC Docket No. C-4724) (July 13, 2020) ("FTC Order"). Specifically, Defendant has violated the FTC Order by making numerous false and unsubstantiated representations that their home goods or other products are "Made in USA" or otherwise of U.S. origin, when, in fact, they are wholly imported or contain significant imported components. For these violations, Plaintiff seeks relief, including a permanent injunction, civil penalty, and other relief, pursuant to Section 5(*l*) of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. § 45(*l*).

## JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

3. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)(1), (b)(2), (c)(2), and (d), 1395(a), and 15 U.S.C. § 53(b).

4. Assignment to the San Francisco Division is proper pursuant to Local Rule 3–2(d), because Defendant has a corporate office in San Francisco County, where certain of its employees and executives are located.

## PLAINTIFF

5. Plaintiff brings this action, which was referred by the FTC, pursuant to Section 16(a)(1) of the FTC Act, 15 U.S.C. § 56(a)(1). The FTC is an independent agency of the United States Government created by the FTC Act. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

## DEFENDANT

6. Williams-Sonoma, Inc. ("Williams-Sonoma"), also doing business as Williams Sonoma, Williams Sonoma Home, Pottery Barn, Pottery Barn Kids, Pottery Barn Teen, PBTeen,

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

1  West Elm, Rejuvenation, Outward, and Mark & Graham, is a Delaware corporation with its
2  principal place of business at 3250 Van Ness Avenue, San Francisco, CA 94109.  Williams-
3  Sonoma transacts or has transacted business in this District and throughout the United States.  At
4  all times relevant to this Complaint, Williams-Sonoma has advertised, marketed, distributed, or
5  sold home products, including cookware, furniture, light fixtures, linens, small electronics, and
6  others, to consumers throughout the United States.

## COMMERCE

7. At all times relevant to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## THE FTC ORDER

8. In an Administrative proceeding bearing Docket No. C-4724, the Commission alleged Defendant made false, deceptive, or unsubstantiated "Made in USA" or other U.S.-origin ("MUSA") claims in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).  These violative claims continued even after Williams-Sonoma remedied previous violations and agreed to process enhancements designed to avoid false, deceptive, or unsubstantiated MUSA claims.  *See* Exhibit B (the "FTC Complaint").

9. The parties agreed to settle the allegations of the FTC Complaint, and the Commission issued the FTC Order.  The FTC Order became final on July 16, 2020, was properly served on Williams-Sonoma, and remains in effect.

10. The FTC Order binds "Williams-Sonoma, Inc., also d/b/a Williams Sonoma, Williams Sonoma Home, Pottery Barn, Pottery Barn Kids, Pottery Barn Teen, West Elm, Rejuvenation, Outward, and Mark & Graham, and its successors and assigns."  FTC Order, Definition C, "Respondent."

11. The FTC Order defines "Made in the United States" as " any representation, express or implied, that a product or service, or a specified component thereof, is of U.S.-origin, including, but not limited to, a representation that such product or service is 'made,'

1 'manufactured,' 'built,' 'produced,' or 'crafted' in the United States or in America, or any other U.S.-origin claim." FTC Order, Definition B.

12. The FTC Order defines "Clear(ly) and Conspicuous(ly)" to mean "that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers," and includes details on what this means in different contexts and modes of advertising. FTC Order, Definition A.

13. FTC Order Provision I prohibits misrepresentations regarding U.S.-origin claims, stating:

> **IT IS ORDERED** that Respondent, Respondent's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any home product, or any other product or service, must not make any representation, expressly or by implication, that a product is Made in the United States unless:
>
> A. The final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States; or
>
> B. A Clear and Conspicuous qualification appears immediately adjacent to the representation that accurately conveys the extent to which the product contains foreign parts, ingredients or components, and/or processing; or
>
> C. For a claim that a product is assembled in the United States, the product is last substantially transformed in the United States, the product's principal assembly takes place in the United States, and United States assembly operations are substantial.

FTC Order, Provision I.

14. FTC Order Provision II prohibits deceptive country-of-origin claims, including false and/or unsubstantiated claims, as follows:

15. Provision VII.A requires William-Sonoma to submit a compliance report one year after entry of the order "describ[ing] in detail whether and how Respondent is in compliance with each Provision of this Order, including a discussion of all of the changes the Respondent

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

4

made to comply with the Order." FTC Order, Provision VII.A.

16. Williams-Sonoma submitted the compliance report described in Provision VII.A. on July 13, 2021, describing how it complied with every provision of the FTC Order, including copies of compliance guidelines it implemented to avoid future deceptive MUSA claims (the "Compliance Report").

17. Williams-Sonoma's Senior Vice President and Deputy General Counsel signed the Compliance Report under penalty of perjury.

## DEFENDANT'S BUSINESS ACTIVITIES

18. Contrary to the assertions in the Compliance Report, in numerous instances after July 2020, Williams-Sonoma violated the FTC Order by making false, deceptive, or unsubstantiated MUSA claims.

19. For example, between April 2022 and August 2023, Defendant advertised certain PBTeen mattress pads as "Crafted in America from domestic and imported materials."

20. In numerous instances, those mattress pads were wholly imported from China.

21. After learning of these false claims, FTC staff identified six products advertised on Defendant's websites as MUSA without any disclosure that such products contained foreign parts, ingredients, or components; and/or they were processed outside the United States.

22. For each product FTC staff identified, Williams-Sonoma was unable to demonstrate "[t]he final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States." FTC Order, Provision I.

23. In fact, each was either wholly imported or contained significant imported content.

24. At least three products were deceptively marketed as MUSA when Defendant submitted the July 2021 Compliance Report.

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

# COUNT 1
## VIOLATION OF PROVISION I OF THE FTC ORDER: PROHIBITION AGAINST MISREPRESENTATIONS REGARDING U.S.-ORIGIN CLAIMS

25. Paragraphs 1-24 are incorporated as if set forth herein.

26. Provision I of the FTC Order provides Defendant must not make any representation, express or implied, that a product or service, or a specified component thereof, is of U.S.-origin, including, but not limited to, a representation that such product or service is "made," "manufactured," "built," "produced," or "crafted" in the United States or in America, or any other U.S.-origin claim, unless: "[t]he final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States; [a] Clear and Conspicuous qualification appears immediately adjacent to the representation that accurately conveys the extent to which the product contains foreign parts, ingredients or components, and/or processing; or [f]or a claim that a product is assembled in the United States, the product is last substantially transformed in the United States, the product's principal assembly takes place in the United States, and United States assembly operations are substantial." FTC Order Provision I (incorporating the FTC Order's definition of "Made in the United States").

27. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of its products, Defendant, directly or indirectly, expressly or by implication, has represented its products are of U.S. origin.

28. In fact, in numerous of these instances, the final assembly or processing of the product did not occur in the United States, all significant processing that goes into the product did not occur in the United States, and/or all or virtually all ingredients or components of the product were not made and sourced in the United States.

29. In numerous of these instances, Defendant's U.S.-origin claims also do not contain clear and conspicuous qualifications immediately adjacent to the representations accurately conveying the extent to which such products contain foreign parts, ingredients, or

1 | components; and/or they were processed outside the United States.

2 | 30. In these instances, Defendant did not claim the products were "Assembled in the
3 | United States."

4 | 31. Therefore, Defendant's representations violate Provision I of the FTC Order.

**COUNT 2**
**VIOLATION OF PROVISION II OF THE FTC ORDER:**
**PROHIBITION AGAINST DECEPTIVE COUNTRY-OF-ORIGIN CLAIMS,**
**INCLUDING FALSE AND/OR UNSUBSTANTIATED CLAIMS**

32. Paragraphs 1-31 are incorporated as if set forth herein.

33. Provision II of the FTC Order provides Defendant must not make "any representation, expressly or by implication, regarding the country of origin of any product or service unless the representation is non-misleading, and, at the time such representation is made, [Defendant] possesses and relies upon a reasonable basis for the representation." FTC Order Provision II.

34. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of their products, Defendant, directly or indirectly, expressly or by implication, represented that its products are of U.S. origin.

35. In fact, in numerous of these instances, the products were wholly imported or contained significant imported components.

36. In these instances, Defendant did not possess or rely upon a reasonable basis for its U.S. origin claims.

37. Therefore, Defendant's representations violate Provision II of the FTC Order.

**CONSUMER INJURY**

38. Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Order. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

**CIVIL PENALTIES**

39. Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*), authorizes this Court to award a

civil penalty for each violation of the FTC Order.

40. Each representation Defendant made in violation of the Commission Order constitutes a separate violation for which Plaintiff may seek a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that the Court:

A. Enter a permanent injunction to prevent future violations of the FTC Order by Defendant;

B. Impose a civil penalty for each violation of the FTC Order; and

C. Award any additional relief as the Court determines to be just and proper.

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

| | |
|---|---|
| Dated: April 22, 2024 | Respectfully submitted, |
| **OF COUNSEL, FOR THE FEDERAL TRADE COMMISSION:** | **FOR THE UNITED STATES OF AMERICA:** |
| Julia Solomon Ensor<br>Attorney<br>Federal Trade Commission<br>600 Pennsylvania Ave., N.W.<br>Mail Stop CC-6316<br>Washington, DC 20580<br>Tel.: 202-326-2377<br>Fax: 202-326-3197<br>Email: jensor@ftc.gov | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General,<br>Civil Division<br><br>ARUN G. RAO<br>Deputy Assistant Attorney General<br><br>AMANDA N. LISKAMM<br>Director, Consumer Protection Branch<br><br>LISA K. HSIAO<br>Senior Deputy Director<br>Consumer Protection Branch<br><br>ZACHARY A. DIETERT<br>Assistant Director<br>Consumer Protection Branch<br><br>/s/ Mary M. Englehart<br><br>MARY M. ENGLEHART<br>Senior Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br><br>ISMAIL J. RAMSEY<br>United States Attorney<br>Northern District of California<br><br>/s/ David M. DeVito<br>DAVID M. DEVITO<br>Assistant United States Attorney<br><br>Attorneys for the United States of America |

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396