BRIAN M. BOYNTON, Principal Deputy Assistant Attorney General
ARUN G. RAO, Deputy Assistant Attorney General
AMANDA N. LISKAMM, Director
LISA K. HSIAO, Senior Deputy Director
ZACHARY A. DIETERT, Assistant Director
MARY M. ENGLEHART, Trial Attorney (Maryland Bar 0712110232)
United States Department of Justice
Civil Division, Consumer Protection Branch
450 5th Street, NW, Suite 6400-S
Washington, D.C. 20530
Telephone: (202) 307-0088
megan.englehart@usdoj.gov

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
DAVID M. DEVITO (CABN 243695)
Assistant United States Attorneys
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone: (415) 436-7332
Facsimile: (415) 436-6748
Email: david.devito@usdoj.gov

Attorneys for Plaintiff United States of America

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **WILLIAMS-SONOMA, INC.**, a corporation, d/b/a Williams Sonoma, Williams Sonoma Home, Pottery Barn, Pottery Barn Kids, Pottery Barn Teen, PBTeen, West Elm, Rejuvenation, Outward, and Mark & Graham, <br><br> Defendant. | Case No. 3:24-cv-2396 <br><br> **STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF** |

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

Plaintiff, the United States of America, acting upon notification and referral to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Complaint") against Defendant Williams Sonoma, Inc. d/b/a Williams Sonoma, Williams Sonoma Home, Pottery Barn, Pottery Barn Kids, Pottery Barn Teen, PBTeen, West Elm, Rejuvenation, Outward, and Mark & Graham ("Williams Sonoma" or "Defendant"), pursuant to Sections 5(*l*) and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(*l*) and 56(a)(1). Defendant has waived service of the summons and the Complaint. Plaintiff and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant violated the FTC Decision and Order in FTC Docket No. C-4724 (July 13, 2020), in connection with the making of false or deceptive "Made in USA" or other U.S.-origin claims for wholly imported products or products containing significant imported components.

3. Defendant admits the allegations in the Complaint are true.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.  **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. On a product label, the disclosure must be presented on the principal display panel.

6. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

7. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

8. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

9. When the representation or sales practice targets a specific audience, such as

children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B.     **"Defendant"** means Williams-Sonoma, Inc., also doing business as Williams Sonoma, Williams Sonoma Home, Pottery Barn, Pottery Barn Kids, Pottery Barn Teen, PBTeen, West Elm, Rejuvenation, Outward, and Mark & Graham, its successors and assigns, and any joint ventures, subsidiaries, divisions, groups, and affiliates it controls, directly or indirectly.

C.     **"Made in the United States"** means any representation, express or implied, that a product or service, or a specified component thereof, is of U.S.-origin, including, but not limited to, a representation that such product or service is "made," "manufactured," "built," "produced," or "crafted" in the United States or in America, or any other U.S.-origin claim.

# ORDER

## I.

## PROHIBITION AGAINST MISREPRESENTATIONS

## REGARDING MADE IN USA CLAIMS

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, that a good or service is Made in the United States unless:

A.     The final assembly or processing of the good or service occurs in the United States, all significant processing that goes into the good or service occurs in the United States, and all or virtually all ingredients or components of the good or service are made and sourced in the United States; or

B.     A Clear and Conspicuous qualification appears immediately adjacent to the representation that accurately conveys the extent to which the good or service contains foreign parts, ingredients or components, and/or processing; or

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

C. For a claim that a good is assembled in the United States, the good is last substantially transformed in the United States, the good's principal assembly takes place in the United States, and United States assembly operations are substantial.

## II.
## PROHIBITION AGAINST MISLEADING OR UNSUBSTANTIATED COUNTRY-OF-ORIGIN REPRESENTATIONS

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from making any representation, expressly or by implication, regarding the country of origin of any product or service unless the representation is non-misleading, including that, at the time such representation is made, Defendant possesses and relies upon a reasonable basis for the representation.

## III.
## MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A. Judgment in the amount of $3,175,387 is entered in favor of Plaintiff against the Defendant as a civil penalty.

B. Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, $3,175,387, which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to Plaintiff. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions to be provided by a representative of Plaintiff upon the entry of this Order.

## IV.
## ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C. Defendant acknowledges that its Taxpayer Identification Numbers (Employer Identification Numbers), which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

## V.
## CERTIFICATIONS

IT IS FURTHER ORDERED that, for 5 years after entry of this Order, within forty-five (45) days following the anniversary date of the entry of this Order, Defendant shall provide the Commission with its certification, signed under penalty of perjury, that: (1) Defendant has established, implemented, and maintained controls sufficient to ensure compliance with the requirements of this Order in all material respects; and (2) Defendant is not aware of any material noncompliance with this Order that has not been corrected or disclosed to the Commission.

## VI.
## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, and the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  U.S. v. Williams-Sonoma, Inc.

## VIII.
## RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 20 years after entry of this Order, and retain each such record for 5 years. Specifically, for any business that Defendant is a majority owner or controls directly or indirectly, Defendant must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services in relation to any aspect of the Order, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests concerning the subject matter of this Order, whether received directly or indirectly, such as through a third party, and

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

any response; and

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## IX.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission and Plaintiff may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

**SO ORDERED this** 25th **day of** April **, 202**4**.**

_____
UNITED STATES MAGISTRATE JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF THE UNITED STATES OF AMERICA:**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Director, Consumer Protection Branch

LISA K. HSIAO
Senior Deputy Director

ZACHARY A. DIETERT
Assistant Director


/s/ Mary M. Englehart                    Date: __4/22/2024_____

MARY M. ENGLEHART
Senior Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW, Suite 6400
Washington, DC 20001
Telephone: 202-307-0088
Email: megan.englehart@usdoj.gov

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 3:24-cv-2396

**FOR DEFENDANT:**

_____  Date: January 26, 2024
CHRISTIE GRYMES THOMPSON, ESQ.
Kelley Drye & Warren LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Tel: (202) 342-8633
Fax: (202) 342-8451
CGThompson@KelleyDrye.com


_____  Date: Jan. 26, 2024
ALEXANDER I. SCHNEIDER, ESQ.
Kelley Drye & Warren LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Tel: (202) 342-8634
Fax: (202) 342-8451
ASchneider@KelleyDrye.com

COUNSEL FOR WILLIAMS-SONOMA, INC.


**DEFENDANT WILLIAMS-SONOMA, INC.**

_____  Date: Jan 26, 2024
Laura Alber (Jan 26, 2024 13:55 PST)
LAURA ALBER, CEO
WILLIAMS-SONOMA, INC.


_____  Date: 1/25/24
JEFF HOWIE, CFO
WILLIAMS-SONOMA, INC.